**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUDOLPH ATKINS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00221-PLC |
| | ) | |
| MISSOURI STATE HOSPITAL et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Rudolph Atkins, Sr., a self-represented litigant confined at the Metropolitan St. Louis Psychiatric Center, sues Katie Thumann and the "Missouri State Hospital." [ECF No. 1 at 1–2]. This case originated as part of a multi-plaintiff action. [ECF No. 3]. In February 2026, the Court severed Atkins's claims, opened this case, and denied the plaintiffs' joint *in forma pauperis* motion. *Id*. For the reasons below, the Court orders Atkins to either pay the filing fee or seek *in forma pauperis* status, file an amended complaint, provide his current mailing address, and show cause why the Court should not dismiss this action for failure to prosecute and failure to maintain a current address. The Court denies, without prejudice, Atkins's motion for appointment of counsel. [ECF No. 2].

**I. Show cause**

On August 27, 2026, the Clerk mailed Atkins a letter at his address of record. [ECF No. 5]. The United States Postal Service returned that mailing to the Court as undeliverable. Federal district courts possess the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Under Local Rule 2.06(B), "[i]f any mail to a self-represented plaintiff . . . is returned to the Court without a forwarding address" and the plaintiff "does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." Accordingly, the Court orders Atkins to show cause why this case should not be dismissed for failure to prosecute and failure to maintain a current address, and to provide the Clerk of Court with an updated mailing address, no later than October 29, 2026.

## II. Filing fee

A party initiating a lawsuit must generally pay the filing fee before proceeding, 28 U.S.C. § 1914, unless the party seeks and obtains leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915. To obtain *in forma pauperis* status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that demonstrates an inability to pay the filing fee. 28 U.S.C. § 1915(a)(1). Local Rule 2.05(A) further requires that "[a]n application to proceed *in forma pauperis* shall be . . . set forth on a form provided by the Court."

Atkins has neither paid the $405 filing fee nor filed a renewed motion for leave to proceed *in forma pauperis*. Atkins must, no later than October 29, 2026, either (1) pay the full $405 filing fee or (2) file a motion for leave to proceed *in forma pauperis* on the Court-provided form.

## III. Amended complaint

The present complaint arises from the initial multi-plaintiff action and does not isolate Atkins's individual claims. [ECF No. 1]. The complaint contains no factual allegations describing the conduct that allegedly violated Atkins's rights. The Court therefore orders Atkins to file an amended complaint on the Court-provided form no later than October 29, 2026. The amended complaint must list Atkins as the sole plaintiff and comply with Federal Rules of Civil Procedure 8 and 10.

## IV. Appointment of counsel

In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted). A court may appoint counsel only when "convinced that an indigent plaintiff has stated a non-frivolous claim" and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted). The Court finds that appointment of counsel is not warranted at this time. Until Atkins either pays the filing fee or properly obtains *in forma pauperis* status, the Court cannot assess the merits of his claims or determine whether he or the Court would benefit from the assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than October 29, 2026, Atkins shall (1) show cause why this case should not be dismissed for failure to prosecute and failure to maintain a current address, and provide the Clerk of Court with his current mailing address; (2) file an amended complaint on the Court-provided form; and (3) either pay the full $405 filing fee or file a motion for leave to proceed *in forma pauperis* on the Court-provided form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Atkins copies of the Court's Prisoner Civil Rights Complaint form and *in forma pauperis* application.

**IT IS FURTHER ORDERED** that Atkins's [ECF No. 2] motion for appointment of counsel is **DENIED** without prejudice.

Failure to comply with this order may result in dismissal of this action without prejudice and without further notice.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2026